TODD (MARYLAND v.). See Case No. 9,-220.

---

## Case No. 14,075.

### TODD et al. v. TOWNSEND.

[9 Am. Law Rev. 150.]

District Court and Circuit Court, D. Connecticut Aug. Term, 1874.

BANKRUPTCY—MORTGAGES FRAUDULENT AS TO CREDITORS.

[A mortgage made by a bankrupt purported to be given to secure a present existing debt, due and bearing interest, and specifically described in the mortgage as evidenced by a promissory note mentioned. It was in fact given, however, in part as security for other debts already secured by other mortgages, and in part for possible future loans or advances which the mortgagee might make and probably expected to make or procure, but which he was not bound by any agreement to make or procure, and in respect to the making or procurement of which no definite plan was settled between the parties. Held, that the mortgage was fraudulent and void as to creditors, and should be set aside at the suit of the assignee in bankruptcy.]

In this case, THE COURT, on a bill in equity by [Alfred Todd and Philando Armstrong], assignees in bankruptcy [of George T. Newhall, against James M. Townsend], set aside a mortgage which was given in good faith, but so drawn as to be voidable by the bankrupt's creditors for constructive fraud; holding that the assignees, in bank-

ruptcy had all the rights, in this respect, of attaching creditors.

[An appeal being taken to the circuit court by the defendant, the opinion of that court is as follows:]

WOODRUFF, Circuit Judge. I concur in the opinion pronounced in the court below that the mortgage in question herein is void as against the creditors of the bankrupt. This seems to me established by the decisions of the courts of the state, and to be in conformity with sound principle. In reference to the late cases in the supreme court of Connecticut, relied upon by the appellant, it appears on a careful examination that, while the court sustained the mortgage there in question as good and valid between the parties, it is carefully stated that the rights of creditors are not involved. Potter v. Holden, 31 Conn. 385. It is also noticeable that in the present case the mortgage is not only liable to the objection that whereas it purports to be given for a present existing debt, due and bearing interest, and specifically described as in and by a definitely mentioned promissory note, it was given and intended, not alone as a security for possible future loans or advances, which the mortgagor might and probably expected to make or procure, but which he was not bound by any agreement to make or procure, and in respect to the making or procurement of which no definite plan or mode of procedure was found or settled between the parties, but it appears also that it was, as to ten thousand dollars (part of the sum mentioned therein), intended as security for other debts already secured by other mortgages, and as to this it was, without any intention or any circumstance to put creditors upon enquiry, an acknowledgment of indebtedness for twenty thousand dollars, and an incumbrance of real estate to that amount, when the true debt was ten thousand dollars only. On both grounds the mortgage should be held void as a fraud upon creditors, directly tending to deceive, hinder, and delay them. If void as against creditors, then, upon the grounds stated in Re Leland [Case No. 8,234], and other cases cited by the district judge, the assignee is entitled to a decree.

The state of my health forbids my entering more fully into a discussion of the arguments most ably presented by the counsel for the appellant.

Let the decree be affirmed, with costs.

[See 91 U. S. 452.]

---

TODD (TOWNSEND v.).. See Case No. 14,-118.